UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
R&M AUTO SERVICE CENTER, INC.;
AND MAJED EL JAMAL

'07 CIV 11109

CIV. ACT. No.:

Plaintiffs,

COMPLAINT

Jury Trial
Demanded

-against-

DATTILO PETROLEUM, INC.

Defendant.
------------------------------------------------------------x

Plaintiffs, R & M Auto Service Center, Inc. and Majed El Jamal, by and through their attorneys, Law Offices of Timothy G. Griffin, as and for their complaint against defendant Dattilo Petroleum, Inc. alleges upon information and belief that at all times relevant to this proceeding:

PARTIES

1. R & M Auto Service Center, Inc. ("R&M) is a corporation organized under the laws of the State of New York and maintains a place of business within this judicial district.

2. Majed El Jamal ("Jamal") is an individual currently residing in the State of New York, County of Westchester.

3. Upon information and belief, defendant Dattilo Petroleum, Inc. ("Dattilo") is a corporation organized under the laws of the State of New York and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

maintains a principal place of business at 50 A South Main Street, Suite 300, Spring Valley, New York 10977.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of the claims asserted in the within complaint pursuant to 28 U.S.C. §1331.

## FACTS COMMON TO ALL COUNTS

5. At all times relevant herein, R & M was a retailer of motor vehicle fuels as such term is defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

6.  At all time relevant herein Dattilo was a distributor of motor vehicle fuels as such term is defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

7.  At all times relevant herein, the relationship between Dattilo and R&M was a franchise as such term is defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

8.  At all times relevant herein, R & M was a franchisee in the franchise relationship with Dattilo as such terms are defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

9.  At all times relevant herein, Dattilo was a franchisor in the franchise relationship with R & M as such terms are defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

10.  At all times relevant herein, Dattilo was a distributor in the franchise relationship with R & M as such terms are defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

11. At all times relevant herein, R & M operated a Citgo gasoline station at the premises known as 1225 East 233rd Street, Bronx, New York; Block 4955, Lot 1 in connection with the franchise relationship with Dattilo and such location is the marketing premises as such term is defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

12. At all times relevant herein, Dattilo was the assignee of a franchise relationship between R & M and Barrier Motor Fuels, Inc. and the successor in interest to the lease agreement and Dealer Sales Agreement between Barrier Motor Fuels, Inc. and R & M. in the franchise relationship with R & M as such terms are defined in 15 U.S.C. § 2801, of the Petroleum Marketing Practices Act.

13. R & M operated under the trade name Baychester Citgo at the demised premises from June 1, 2001 until the present date.

14. Pursuant to the provisions of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et.seq. R & M possessed certain rights in connection with its franchise relationship with Dattilo.

15. Among the rights that R & M possessed were that as a franchisee engaged in the sale, consignment, or distribution of motor fuel in commerce its franchise may not fail to be renewed without cause and proper notice. Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et.seq.

16. Pursuant to the terms and conditions of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 the franchisor is obligated to comply with certain terms and conditions for termination or non renewal of the franchise relationship.

17. The Petroleum Marketing Practices Act is intended to protect retailers such as R & M, from arbitrary or discriminatory termination or nonrenewal of the franchise agreement.

18. Pursuant to the express terms of the Petroleum Marketing Practices Act, to terminate a franchise relationship the notice of termination must state the precise reason, as listed in the Act, for which the particular termination or nonrenewal is being made. The reasons for nonrenewal include the following:

    A. Failure to agree on changes or additions to franchise.

    B. Customer complaints.

    C. Unsafe or unhealthful operations.

    D. Operation of franchise is uneconomical.

19. Pursuant to the express terms of the Petroleum Marketing Practices Act, in order to terminate franchise proper notice must be given.

20. The Petroleum Marketing Practices Act requires that in most cases, the franchisor must give notice of termination or nonrenewal at least 90 days before the termination or nonrenewal takes effect.

21. Further the notice to be valid must be sent by certified mail or personally delivered to the franchisee and it must contain the following:

    A. A statement of the supplier's intention to terminate the franchise or not to renew the franchise relationship, together with his reasons for this action;

    B. The date the termination or nonrenewal takes effect; and

C. A copy of a summary of the Petroleum Marketing Practices Act.

22. Dattilo Petroleum, Inc. did not terminate the franchise relationship in accordance with the provisions of the Petroleum Marketing Practices Act.

23. Dattilo Petroleum, Inc. has failed to renew the franchise agreement in violation of the Petroleum Marketing Practices Act.

AS AND FOR A<br>
FIRST COUNT<br>
(For Declaratory Judgment<br>
For Violation Of The Petroleum Marketing<br>
Practices Act)

24. Plaintiffs reallege each of the allegations set forth in paragraphs numbered One (1) through thirty-two (23) as if set forth herein at length.

25. Plaintiffs dispute the alleged default under the terms of the lease agreement or the Petroleum marketing Practices Act.

26. Throughout the course of the lease agreement, the defendant has alleged violations of the lease agreement which defendant alleges were the responsibility of the plaintiffs.

27. The alleged defaults are fabricated and attempt to terminate the valuable franchise relationship between the parties.

28. Upon information and belief these alleged defaults have been asserted because the defendant wants the plaintiff to sell its interest in the gasoline station to a third party.

29. Defendant, Dattilo Petroleum seeks to terminate the lease agreement upon a pretense that is created by the arbitrary and capricious actions of Defendant, Dattillo Petroleum, Inc. Said conduct is illegal, fraudulent and contrary to law. Said conduct was

conducted with the intent to defraud and scienter on the part of Defendant, Dattillo Petroleum, Inc..

30. Plaintiffs, dispute that the alleged default under the terms of the lease agreement and seeks a declaration from this Court that it is not in default and a further declaration of this Court that the defendant, Dattilo Petroleum, Inc. has violated the terms and conditions of the Petroleum Marketing Practices Act and that it is entitled to a renewal of its leasehold interest in the demised premises.

<u>AS AND FOR A</u>
<u>SECOND COUNT</u>
(Fraudulent Inducement)

31. Plaintiffs reallege each of the allegations set forth in paragraphs numbered one (1) through thirty (30) as if set forth herein at length.

32. As a result of the representations made by the defendant and its representatives to the plaintiffs, the defendant fraudulently induced the plaintiffs to remain occupancy at the demised premises and has been forced to incur additional expenses and charges it would not have otherwise been forced to incur as a result of the defendant's violation of the Petroleum Marketing Practices Act. These expenses and charges include paying for professional architectural fees and repairs to the demised premises which were the obligation of the defendant or its predecessor in interest.

33. The representations made to the plaintiffs were false and known to be false by the defendant.

<u>AS AND FOR A THIRD</u>
<u>COUNT</u>
(FOR A BREACH OF CONTRACT)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs one (1) through thirty three (33) as if more fully set forth herein.

35. The representations and reliance of the plaintiffs upon the statements made by the defendant and its representatives against defendants and the plaintiffs' reliance thereon resulted plaintiffs incurring substantial costs and expense.

36. Defendant's wrongful refusal abide by the terms an conditions of the lease agreement and dealer sales agreement as described in this complaint is a breach of contract between the plaintiffs and the defendants.

37. The conduct of the defendant and the concomitant breach of contract resulted in damages to the plaintiffs.

<u>AS AND FOR A</u>
<u>FOURTH COUNT</u>
(FOR A BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs one (1) through thirty-seven (37) as if more fully set forth herein.

39. Defendant's, wrongful refusal abide by the terms an conditions of the lease agreement and dealer sales agreement which was communicated to the plaintiffs as described in this complaint is a breach of the covenant of good faith and fair dealing implicit in every contract.

40. The conduct of the defendant is demonstrative of bad faith and should result in the assessment of punitive damages against defendants in a sum to be determined at trial.

WHEREFORE, plaintiffs R & M Auto Service Center, Inc. and Majed El Jamal demand the following relief against defendant, Dattillo Petroleum, Inc.:

a. a declaration that the defendants violated the terms and conditions of the Petroleum Marketing Practices Act and the plaintiffs are entitled to renewal of its leasehold interest in the demised premises.

b. compensatory damages, consequential and incidental damages;

c. punitive damages;

d. interest;

e. such equitable and injunctive relief as may be appropriate;

f. such costs, expenses and attorney's fees as are allowable at law or by Rule;

g. such further relief as the Court deems equitable, appropriate and just.

Dated: Bronxville, New York
December 7, 2007

Yours, etc.,

Law Offices of Timothy G. Griffin

By: _____
Timothy G. Griffin (TG-0584)
77 Pondfield Road
P.O. Box 156
Bronxville, New York 10708
(914) 771-6754