```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
R&M AUTO SERVICE CENTER, INC.            CIV ACT NO.
AND MAJED EL JAMAL,                      07 CIV 11109

                Plaintiffs,
                                         ANSWER
        -against-

DATTILO PETROLEUM, INC.,

                Defendant.
-----------------------------------------------------------X
```

       Defendant, Dattilo Petroleum, Inc. ("Dattilo"), by and through its attorney, Paul S. Baum, as and for its answer to the complaint, alleges as follows:

1.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

2.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

3.     Admit.

4.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

5.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

6.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

7.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

8.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

9.     Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

10.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

11.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof except admits that R & M did operate a Citgo gas station at premises known as 1225 East 233rd Street, Bronx, New York.

12.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof except admits that Dattillo took an assignment of a lease agreement between R &M and Barrier Motor Fuels, Inc.

13.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

14.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

15.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

16.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

17.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

18.   Defendant denies this allegation and refers the Court to the statute for the terms thereof.

19.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

20.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

21.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation and refers the Court to the statute for the terms thereof.

22.   Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

23.   Defendant denies this allegation.

24.   Defendant repeats and realleges the denials and admissions set forth above in response to this allegation.

25. Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

26. Defendant denies this allegation.

27. Defendant denies this allegation.

28. Defendant denies this allegation.

29. Defendant denies this allegation.

30. Defendant lacks knowledge and information sufficient to form a belief about the truth of this allegation.

31. Defendant repeats and realleges the denials and admissions set forth above in response to this allegation.

32. Defendant denies this allegation.

33. Defendant denies this allegation.

34. Defendant repeats and realleges the denials and admissions set forth above in response to this allegation.

35. Defendant denies this allegation.

36. Defendant denies this allegation.

37. Defendant denies this allegation.

38. Defendant repeats and realleges the denials and admissions set forth above in response to this allegation.

39. Defendant denies this allegation.

40. Defendant denies this allegation.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. Plaintiff has not stated with particularity the circumstances constituting fraud as alleged in the complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. The complaint fails to sate a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. The plaintiffs herein have no standing to sue and are not parties in interest.

44. Majed El Jamal is not a party to any agreements with Defendant.

45. Upon information and belief, R&M assigned conveyed and/or otherwise transferred its interest in the lease to People' East 233rd Auto Service Center, Inc. and has no interest in the subject matter of this complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. This proceeding should not proceed in the absence of a necessary party.

47. Upon information and belief, Majed El Jamal has no right, title or interest in R&M and that the sole shareholder and owner of R&M is "Sam."

48. "Sam" must be joined as a party.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Upon information and belief, the action was not properly authorized by the corporate plaintiff in that the owner and sole shareholder of the R&M has not authorized this action to proceed.

50. The corporate plaintiff lacks the authority to maintain the within action

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. The within action was not commenced with in the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. The court lacks jurisdiction in that the complaint was not served within 120 days of the filing of the complaint.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

53. The court lacks subject matter jurisdiction due to lack of service of a proper summons.

### AS AND FOR A FIRST COUNTERCLAIM

54. Plaintiff has failed to pay rent, additional rent and other properly assessed charges.

55. Plaintiff owes defendant the amount of $21,793.30 for rent, additional rent and other properly assessed charges.

56.  Defendant has made demand on plaintiff for the amount due and owing for rent, additional rent and other charges assessed but plaintiff has failed and refused to pay same despite due demand therefore.

## AS AND FOR A SECOND COUNTERCLAIM

57.  Plaintiff has failed to comply with rules, regulations, laws and ordinances of the city, state and federal governments in violation of the lease.

58.  By reason of said lack of compliance, plaintiff has been fined and/or faces potential fines and/or penalties from the various governmental agencies having jurisdiction over the property.

59.  Plaintiff has a duty to indemnify and hold defendant harmless from such fines and/or penalties.

## AS AND FOR A THIRD COUNTERCLAIM

60.  Defendant repeats and realleges the allegations set forth in Paragraphs 54 through 59 above.

61.  Plaintiff has breached the terms of the lease.

62.  Defendant is entitled to an order dispossessing plaintiff from the premises and awarding possession of the premises to defendant.

WHEREFORE, Defendant requests that the complaint be dismissed and that Defendant be awarded judgment on its counterclaims as follows:

1.  On the first counterclaim, damages in the amount of $21,193.30.

2.  On the second counterclaim, an order declaring that plaintiff is liable to indemnify and hold plaintiff harmless from all fines and/or penalties that have been or made be assessed against defendant due to plaintiffs failure to comply with various rules, regulations, laws and ordinances of the city, state and federal governments in violation of the lease.

3.  On the third counterclaim, an order awarding plaintiff possession of the premises and the issuance of a warrant dispossessing plaintiff from the premises.

4.  The costs, expenses and attorneys fees incurred by defendant in this action.

5.  Such other and further relief as to the court may seem just proper and equitable.

Dated: Spring Valley, New York
       May 8, 2008

                                       PAUL S. BAUM, ESQ. (PB9771)
                                       Attorney for Defendant
                                       50 South Main Street
                                       Suite 300
                                       Spring Valley, New York 10977
                                       (845) 371-6888

TO:    Law Offices of Timothy G. Griffin
          77 Pondfield Road
          PO Box 156
          Bronxville, New York 10708